## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated, | ) ) Civil Action No. ) ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** ) |
| v. | ) ) **JURY TRIAL DEMANDED** |
| METAL SALES MANUFACTURING CORPORATION, a Kentucky corporation | ) ) ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Wendell H. Stone Company Inc. d/b/a Stone & Company ("Stone & Company" or "Plaintiff") brings this Class Action Complaint against Defendant Metal Sales Manufacturing Corporation ("Metal Sales") to stop Defendant's practice of sending unsolicited fax advertisements and to obtain redress for all persons similarly harmed by its conduct. Plaintiff Stone & Company, for its Class Action Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## PARTIES

1.      Plaintiff Stone & Company is a corporation incorporated and existing under the laws of the Commonwealth of Pennsylvania. Stone & Company's principal place of business is in Connellsville, Pennsylvania.

2.      Defendant Metal Sales is a corporation incorporated and existing under the laws of the State of Kentucky. Its principal office address is 545 South 3rd Street, Suite 200, Louisville, Kentucky 40202. Metal Sales does business throughout the United States, including

1

in the Commonwealth of Pennsylvania and in this District. Metal Sales is registered to do business in the Commonwealth and also has a manufacturing facility in the Commonwealth.

## JURISDICTION & VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") a federal statute.

4.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is registered to do business in Pennsylvania, regularly conducts business in this District, and a substantial part of the events giving rise to the claims asserted here occurred in this District.

## COMMON ALLEGATIONS OF FACT

5.      This case challenges Defendant's practice of sending unsolicited fax advertisements.

6.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation. Upon information and belief, Defendant has sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA. (*See* "Metal Sales Faxes," a true and correct copy of which is attached hereto as Group Exhibit A.) The Metal Sales Faxes promote the services and goods of Defendant, namely metal roof product and installation training programs. Plaintiff is informed and believes, and upon such information and belief avers, that

Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

7. Unsolicited faxes cause damage to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also invades the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

8. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

9. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

### FACTS SPECIFIC TO PLAINTIFF STONE & COMPANY

10. During March 2016, Defendant transmitted by telephone facsimile machine two unsolicited faxes to Plaintiff. Copies of the facsimiles (the "Faxes") are attached hereto as Group Exhibit A.

11. Metal Sales profited by and received the benefits of marketing of its products and services through the faxes and is a responsible party under the JFPA.

12. Defendant created or made Group Exhibit A, which Defendant knew or should have known advertises Defendant's goods or products (namely, metal roof product and installation training programs) that Defendant intended to and did in fact distribute to Plaintiff and the other members of the Class.

13. Group Exhibit A is part of Defendant's work or operations to market Defendant's goods or services, which are performed by Defendant and/or on behalf of Defendant. Group Exhibit A constitutes material furnished in connection with Defendant's work or operations. Also, the faxes contained Marketing Sales's logo, and consumers were encouraged to purchase or utilize Metal Sales's products or services at or after the training sessions mentioned in the faxes.

14. Plaintiff had not invited or given permission to Defendant to send the Faxes and had no prior relationship with Defendant.

15. On information and belief, Defendant faxed the same unsolicited Faxes to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

16. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

17. Defendant's Faxes did not display a proper opt-out notice as required by 47 C.F.R. 64.1200.

**CLASS ACTION ALLEGATIONS**

18. In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf a telephone facsimile message substantially similar the Faxes in Group Exhibit A, (3) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express consent to send the Faxes to the Plaintiff.

19. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant has a controlling interest, and any of their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and; (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

20. <u>Class Size (F. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is in the thousands.

21. <u>Commonality (F. R. Civ. P. 23 (a) (2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

    a.    Whether the Defendant sent an unsolicited fax advertisement;

    b.    Whether the Defendant's Faxes advertised the commercial availability of

5

property, goods, or services or whether consumers were marketed goods or services following the Faxes;

c. Whether the manner and method the Defendant used to compile or obtain the list of fax numbers to which it sent Group Exhibit A and other unsolicited faxed advertisements procured prior express invitation or permission from the recipients to send the faxes;

d. Whether the Defendant faxed advertisements without first obtaining the recipients' prior permission or invitation;

e. Whether the Defendant sent the faxed advertisements knowingly;

f. Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

g. Whether the Faxes contained an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

h. Whether the Defendant should be enjoined from faxing advertisements in the future;

i. Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

j. Whether the Court should award treble damages.

22. <u>Typicality (F. R. Civ. P. 23 (a) (3))</u>: Plaintiff's claims are typical of the claims of all class members. Plaintiff received the Faxes sent by or on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal

6

statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

23.     <u>Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the Class.

24.     <u>Common Conduct (F. R. Civ. P. 23 (b) (2))</u>: Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate with respect to the Class as a whole. Plaintiff requests such relief as authorized by 47 U.S.C. §227.

25.     <u>Predominance, Superiority, and Manageability (F. R. Civ. P. 23 (b) (3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

   a. Proof of the claims of the Plaintiff will also prove the claims of the Class without the need for separate or individualized proceedings;

   b. Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

   c. The Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

   d. The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding

based upon common proofs; and

   e. This case is manageable as a class action in that:

    i. The Defendant identified persons or entities to receive the fax transmission, and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

    ii. Liability and damages can be established for the Plaintiff and the Class with the same common proofs;

    iii. Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

    iv. A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

    v. A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

    vi. As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## CAUSE OF ACTION
### Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq*

26. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

27. The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227(b)(1)(C).

28. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any

8

person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

29. The faxes sent by Defendant advertised Defendant's metal roof product and installation training programs, were commercial in nature, and are advertisements under the TCPA.

30. Plaintiff and the other class members never gave prior express consent to receive the faxes.

31. **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

    1. A statement that the recipient may opt-out of receiving future faxed advertisements. Knowing that s/he has the right to request an opt-out gives impetus for recipients to make such a request, if desired;

    2. A statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful. This encourages recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

    3. A statement advising the recipient that he or she may opt-out with respect to all of his or its facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender. This instructs a recipient on how to make a valid opt-out request for all of his or its fax machines.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements. As a result of such requirements, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxes advertisement gave "prior express permission or invitation" to receive the Faxes nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

32. **The Faxes.** Defendant sent the March 2016 faxes via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Plaintiff Class. The Metal Sales Faxes constituted an advertisement under the Act because they advertised the commercial availability of goods or services in the Faxes or at or following the training.. Defendant failed to comply with the Opt-Out Requirements in connection with the Metal Sales Faxes because the faxes fail to include any opt out language at all. The Metal Sales Faxes was transmitted to persons or entities without their prior express permission or invitation and/or Defendant is precluded from asserting any prior

express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiff and members of the Class.

33. **Defendant's Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant is continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

34. The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief may be awarded as appropriate.

35. The Defendant knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else

to fax advertisements about the Defendant's goods or services; (b) the faxes constituted an advertisement; and (c) the Faxes did not apprise recipients of their legal right to opt out.

36. The Faxes were advertisements. They included Metal Sales's logo and Metal Sales's goods and services were presented at the classes (or attendees were encourages to purchase Metal Sales's goods or services after the classes). The Faxes were promotional materials and not for information purposes only.

37. The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

38. As a result, Plaintiff and the Class are entitled to statutory damages of $500 per fax, to be trebled if the Court finds the violations were willful and knowing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stone & Company, Inc., on behalf of itself and the Class, prays for the following relief:

1. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Stone & Company as the representative of the Class and appointing its attorneys' as Class Counsel;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, to be paid into a common fund for the benefit of the Class Members;

3. An order enjoining Defendant from further violations, and otherwise protecting the interests of the Class;

4. An order declaring that Defendant's faxes were sent without prior express permission or invitation, that they failed to contain required opt out language, and that the faxes advertised the commercial availability of Metal Sales's goods or services on or after the sending of the faxes;

5. An award of pre-judgment interest;

6. An award of reasonable attorneys' fees and costs; and

7. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

*/s/ Stuart C. Gaul, Jr.*
Stuart Gaul, Jr.
Pa. I.D. No. 74529
Gaul Legal LLC
100 Ross Street, Suite 510
Pittsburgh, PA  15219
412-261-5100 (P)
412-261-5101 (F)
stuart.gaul@gaul-legal.com

Steven L. Woodrow
(swoodrow@woodrowpeluso.com)*
Patrick H. Peluso
(ppeluso@woodrowpeluso.com)*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan Coleman
(law@stefancoleman.com)
Law Offices of Stefan Coleman, P.A.
1072 Madison Ave, Suite 1
Lakewood, New Jersey, 08701
law@stefancoleman.com
(877) 333-9427

*Counsel for* STONE & COMPANY, INC., individually, and for the putative class,


*pro hac vice* admission to be filed